170 So.2d 293 (1964)
FLORIDA POWER AND LIGHT CO., a Florida corporation, Petitioner,
v.
Gerald W. PRICE, Respondent.
No. 33362.
Supreme Court of Florida.
December 21, 1964.
*294 Fleming, O'Bryan & Fleming and Norman C. Roettger, Jr., Ft. Lauderdale, for petitioner.
Michael K. Davis of Watson, Hubert & Sousley, Ft. Lauderdale, for respondent.
PER CURIAM.
We are petitioned for a writ of certiorari to review the decision of the District Court of Appeal, Second District, in this case, reported in 159 So.2d 654 (Fla.App.2d, 1963).
The plaintiff, Respondent here, instituted an action at law in the Circuit Court against the defendant Florida Power and Light Company, the Petitioner here, to recover damages for injuries sustained while he was working as an employee of Harlan Electric Company. The latter, an electrical contracting company, entered into a contract with the defendant to construct an electrical distribution system in a new subdivision, which would be connected with defendant's electrical transmission system. Plaintiff alleged that while on a power pole a fellow employee of Harlan Electric Company on another pole several feet away negligently allowed a "jumper" wire to come close enough to cause an electrical arc which energized the wire on which plaintiff was working on the first pole, causing plaintiff's injuries. The plaintiff alleged the defendant knew of the danger inherent to work done on or around wires charged with high voltage electricity; that defendant knew pole No. 2 carried wires so energized and owed to plaintiff a high degree of care *295 to provide safe working conditions; and that defendant allowed Harlan's employees to energize the new distribution system without proper supervision and control by defendant. The Circuit Court dismissed plaintiff's first amended complaint and final judgment was entered against plaintiff.
On appeal to the District Court of Appeal, Second District, plaintiff, as appellant, contended his amended complaint stated a cause of action showing: (1) negligence on the part of defendant; (2) the defendant was vicariously liable for the negligence of Harlan and its other employees under the dangerous instrumentality doctrine and (3) the defendant was liable for injuries caused by the negligence of the independent contractor Harlan and its other employees because the work being performed was inherently dangerous.
The District Court of Appeal rejected plaintiff's contention that the complaint alleged facts indicating negligence on the part of the defendant, stating:
"* * * There are no allegations of fact showing that the plaintiff was without actual or constructive knowledge of the danger existing because of the work of the fellow employees on pole No. 2. The amended complaint alleges that the contract required energizing of the line, but there are no allegations of fact from which it may be concluded that the energizing of the line in the manner contemplated in the contract constituted a latent danger; to the contrary, the amended complaint alleges that the plan of construction was to make the new wires safe before energizing."
It agreed, however, that the amended complaint stated a cause of action against the defendant because the complaint alleged defendant's electrical power is a dangerous instrumentality or agency and that the defendant was vicariously liable for the negligence of the defendant's independent contractor or the latter's employees. The decision of reversal is predicated upon a line of cases in our state beginning with Southern Cotton Oil Co. v. Anderson, 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255.
The District Court of Appeal also agrees with plaintiff "that the defendant power company, having employed an independent contractor to perform the inherently dangerous work of constructing and energizing an electrical power distribution system, was liable for injuries caused by the negligence of the independent contractor in the performance of the work. This is a further exception to the general rule as to independent contractors, and is closely related to the `dangerous instrumentality doctrine.' This exception comes into play where the work which the independent contractor is to perform is inherently or intrinsically dangerous. As to such work, liability cannot be evaded by employing an independent contractor  unless proper precautions are taken. The taking of these precautions, it is said, is a non-delegable duty owing to third persons who may sustain injuries from the work; and in such instances, the contractor is considered an agent or servant for whose act his employer is responsible. Whether work of a given character is to be regarded as inherently or intrinsically dangerous is to be determined by applying the test of whether danger inheres in the performance of the work [Emphasis theirs]; and it is sufficient if there is a recognizable and substantial danger inherent in the work, even though a major hazard is not involved. 57 C.J.S. Master and Servant § 590. We are of the view that a jury would be justified in finding that danger was inherent in the energizing of the system under the facts alleged in the complaint. The inherent danger of this work is quite similar to the work held to be inherently dangerous in Person v. Cauldwell-Wingate Company, 2nd Cir.1949, 176 F.2d 237. This work was of such a nature that in the ordinary course of events its performance would probably, and not merely possibly, cause injury if proper precautions were not taken. In such a case, an owner is liable for injuries caused by *296 the failure of an independent contractor to exercise due care in respect of the performance of the work. This principle of law is no less controlling in actions brought by an employee of the independent contractor than in actions brought by a third party [Emphasis ours]. See Annotation, 23 A.L.R. 1084, at 1129, and cases there cited. See aso Greer v. Callahan Const. Co., 1925, 190 N.C. 632, 130 S.E. 739. The amended complaint stated a cause of action within this principle of law."
The above quotations appear to us to be in direct conflict with Gulf Refining Co. v. Wilkinson, 1927, 94 Fla. 664, 114 So. 503, where this Court quoted from 25 C.J. 197, as follows:
"By the weight of authority it seems that a principal is not liable for the negligence of an independent contractor, although the work to be done is intrinsically dangerous, so long as no negligence can be imputed to him in employing such contractor, and the work itself is lawful, and will not necessarily result in injury to another. There is, however, considerable authority to the contrary * * *."
Inasmuch as the District Court of Appeal specifically concluded plaintiff's amended complaint contained "no allegations of fact showing that the plaintiff was without actual or constructive knowledge of the danger existing because of the work of his fellow employees on pole No. 2" its reversal conflicts with Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla. 1953), in which it is stated:
"* * * `A person who is having work done on his premises by an independent contractor, and has actual or constructive knowledge of latent or potential dangers on the premises, owes a duty to give warning of, or use ordinary care to furnish protection against, such dangers to employees of the contractor and subcontractor who are without actual or constructive notice of the dangers.' * * *"
In Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678, and Florida Power & Light Co. v. Brinson (Fla.), 67 So.2d 407, it is held that a power company is not an insurer but is only required to exercise that degree of care commensurate with the circumstances of the occasion.
Even if some of the conflicting language in the above decisions may be dicta, it is sufficiently conflicting with the decision under review to warrant our assuming certiorari jurisdiction.
We pass to the merits. It is our view that the District Court of Appeal failed to take into consideration exceptions to the doctrines upon which it predicates defendant's liability.
We make special reference to cases where the plaintiff was an employee of an independent contractor and sued the owner of the dangerous instrumentality or agency, or sued one for whom inherently dangerous work was being performed.
In Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla.App.2d 1963), the District Court of Appeal said:
"* * * Indeed, we find nothing in the decisions applying the `dangerous instrumentality doctrine' to justify a holding that where an owner leaves his automobile at a service station for repairs or servicing he is liable solely by reason of ownership for the negligent operation thereof by one employee resulting in injury to another employee of the service station, both being engaged in performing duties in connection with servicing or repairing the automobile at the time of the injury." (Emphasis court's)
In Petitte v. Welch, 167 So.2d 20 (Fla. App.3d 1964), it was held:
"3. Automobiles
"Complaint failed to state cause of action against owner of automobile *297 which owner had left in possession of service station operator for injury to plaintiff as result of operation of automobile by third person on service station premises, since complaint affirmatively showed that at time of injury automobile was being operated by a person under direction and control of service station operator and not by agent or servant of defendant owner."
In 57 C.J.S. Master and Servant § 600, p. 372, the text reads:
"* * * So too the duties which a contractee owes to employees of the independent contractor are less than those owing to third persons; and consequently his liability to such employees is not as extensive as his liability to third persons, that is, the act may be such as to render the contractee liable to third persons although it would not make him liable to a servant of the contractor."
Plaintiff lineman was employed by the independent contractor and was not a third party member of the public. He did not allege he was unaware of the hazards incident to the performance of his work. The District Court of Appeal expressly found his complaint did not allege facts negating the defendant exercised the "highest degree of care possible, commensurate with the business engaged in," citing Ahearn v. Florida Power and Light Company, 129 So.2d 457 (Fla.App. 1961).
Absolving plaintiff from the necessity of alleging facts bringing his case within the rule announced in Ahearn v. Florida Power and Light, supra, was error. Instead of requiring him to do so, the District Court of Appeal permitted plaintiff to rest his case solely upon the dangerous instrumentality and inherently dangerous work doctrines. The factual situation disclosed in this case requires allegations of fact in the complaint which negative pertinent exceptions to said doctrines heretofore recognized in the law of our state.
In the instant case it is admitted the injuries sustained by plaintiff were the direct result of the negligence of his employer Harlan, the independent contractor, or, more accurately, because of the negligence of plaintiff's fellow employee. The defendant was deemed negligent by the District Court of Appeal solely because of the doctrines of dangerous instrumentality or inherently dangerous work. Analogously, it appears to us, the exceptions which have emerged in prior appellate cases in our jurisdiction where such doctrines were involved have pertinency to the instant case.
We do not believe the law respecting dangerous instrumentalities or inherently dangerous work ipso facto renders defendant liable under the particular circumstances of this case. We analogize the situation here with such exceptions as appear in Fry v. Robinson Printers, Inc., and Petitte v. Welch, supra. Nor do we believe Chapter 769, F.S., the hazardous occupation statute, has the effect of automatically waiving recognized exceptions to the dangerous instrumentality or inherently dangerous work doctrines. It is true the defendant is engaged in selling electricity and is one of the class of persons referred to in F.S. § 769.01, F.S.A., but this alone does not render it liable for injuries to an employee of its independent contractor caused by the negligence of a fellow employee of the independent contractor unless it can be shown defendant in some way contributed or concurred in the act of negligence. Respondent argues that the "fellow servant" rule of the common law does not apply because of the statute classifying defendant as one engaged in a hazardous occupation. But the statute is far from clear that it applies where an "independent contractor" not so engaged is performing the dangerous work and one of the latter's employees is the injured party and not an employee of the party engaged in the hazardous occupation.
*298 We call attention to another analogous situation: An owner of an automobile who entrusts it to his "independent contractor" is not liable as a matter of law to the contractor or to the latter's employee for injuries received by either of them arising from the negligent operation of the automobile by either of them under Herr v. Butler, 101 Fla. 1125, 132 So. 815 (1931); May v. Palm Beach Chemical Company, 77 So.2d 468 (Fla. 1955), or Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959).
It may well be that said doctrines (dangerous instrumentality and inherently dangerous work) apply without exception to third party members of the public, but we do not believe they apply without exception under all circumstances where an independent contractor and his employees are involved, absent any allegation or showing of an act of negligence or omission of duty or proper care on the part of a defendant engaged in a hazardous occupation who has contracted with the independent contractor to perform inherently dangerous work.
Inasmuch as the appellate courts of this state, including this Court, have recognized said exceptions to said doctrines, we must disallow Respondent's contentions that said doctrines override all exceptions to the contrary in this case. As in earlier cases, it is difficult to state the exception or exceptions to said rules with overall particularity, the reason being that each case presents its own peculiar factual situation and the best that may be done is to eschew a blanket rule which allows no exceptions and permit the latitude of recognizing exceptions, as the trial judge proceeded to do below.
We hold that liability flowing from operation of the doctrines of dangerous instrumentalities and inherently dangerous work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter's employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the defendant owner, the latter will not be held liable. The incidence of the independent contractor and injury to his employee in the course of the performance of the inherently dangerous work absent any negligence on the part of the contracting owner absolves the latter from liability. This exception, as stated, although not expressly spelled out in prior appellate decisions, is gleaned from the decisions cited.
For example, this exception would appear to be supported by the principle of law that the driver of an automobile which was entrusted to him by its owner cannot hold the owner liable for injuries sustained by the driver arising from his own negligent operation of the automobile. Other examples appear in the cases where an automobile is left with a filling station operator for service and it is negligently operated by an attendant without liability over to its owner. The independent contractor is usually placed in charge of the work site and is responsible for all incidental contingencies and is aware or presumed to be aware of the usual hazards incident to the performance of his contract. Unless and until it is shown the contracting owner by positive act of negligence or negligent omission on his part causes injury to the independent contractor or to the latter's employee or employees, such owner will not be held liable. The employees of the independent contractor do not become the employees of the contracting owner within the contemplation of Chapter 769, F.S., nor are they under his direction and control. Their negligent acts do not become his responsibility under the doctrine respondeat superior. Thus it may be said the exception to the doctrines grows out of the relationship created by the independent contract and the assumption of risks that are necessarily concomitant. *299 Such an exception would not be applicable where members of the general public are injured since they are not embraced in the relationship created by the independent contract.
The decision of the District Court of Appeal is quashed with directions to reinstate the judgment of the Circuit Court with leave to the Respondent-plaintiff to apply to amend his complaint in the light of this opinion and judgment if he desires.
ROBERTS, CALDWELL, ERVIN and HOBSON (Ret.), JJ., concur.
DREW, C.J., dissents with opinion.
DREW, Chief Justice (dissenting)
I respectfully dissent. I agree with the views expressed by Judge Barns in his special concurring opinion  159 So.2d 661.