PER CURIAM.
Appellant is the owner of a quarry and rockpit located at Pennsuco, Florida, where early in 1964 three men lost their lives as a result of an unfortunate explosion. One of those killed was Charles E. Watson, whose widow, as plaintiff below, filed a complaint alleging negligence on the part of the appellant. Final judgment was entered for the plaintiff based upon a jury verdict in her favor for the sum of $218,400.00.
The evidence adduced at the trial revealed that on the day the explosion occurred, Watson was working at blasting rock in the normal course of his employment. Although Watson himself was not licensed to handle blasting charges, his fellow employee, Dock Smith, was so licensed. There was testimony that the standard procedure when blasting was first to bore a hole into the rock using a “Kelly bar” fitted with a “core breaker”. Next, the core breaker is removed and the charges, principally dynamite, are loaded into the hole. The fuses are then set, and the charges exploded. There was also testimony that the accident in question was caused by loading charges into the hole before removing the core breaker, and then attempting to free the core breaker using a large wrench and a *633 hammer. The charges in the hole exploded, igniting some other charges located on the bed of a truck parked next to the blasting site. There was additional testimony that the loading of blasting charges on top of the core breaker had occurred on several previous occasions, and that the core breaker had been modified to allow this mistake to be more easily corrected. Smith, the licensed blaster, was apparently unfamiliar with such modification, since he had been on the job but a very short time prior to the accident.
The evidence further revealed that the operations at the Pennsuco quarry were actually carried on by a corporation known as Pennsuco Aggregates, Inc., which corporation owned none of the land or equipment, these being the property of the appellant. Pennsuco Aggregates, Inc., however, paid the wages of all employees at the Pennsuco quarry and filed federal tax information for these employees under a separate employer identification number. There was conflicting evidence as to which corporation actually employed Watson. Finally, there was also evidence showing that appellant was a qualified self-insurer under the Florida Workmen’s Compensation Act, Chapter 440, Fla.Stat., F.S.A., at the time of the accident; however, there was conflicting evidence as to whether Pennsuco Aggregates, Inc., was similarly qualified as a wholly owned subsidiary of appellant.
Appellant’s chief contention for reversal of the judgment against it is that it was entitled to a judgment in its favor as a matter of law, relying upon the case of Florida Power and Light Co., v. Price, Fla. 1964, 170 So.2d 293. This case involved the construction of a system for the transmission of electric current and a personal injury arising therefrom. The injured party was an employee of the Harlan Electric Company, which had contracted with Florida Power and Light Company to construct a distribution system supplying a new subdivision with electric current. A fellow employee of the plaintiff therein negligently energized a wire connected to the pole upon which the plaintiff was working, thereby injuring him. Observing that Florida Power and Light Company, the defendant, came within the provisions of § 769.01, Fla.Stat., F.S.A., the Florida Supreme Court stated, at page 298:
“We hold that liability flowing from operation of the doctrines of dangerous instrumentalities and inherently dangerous work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter’s employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the defendant owner, the latter will not be held liable.”
The foregoing is undoubtedly a valid statement of the law in Florida. However, we question the applicability of that statement to the case here before us. In her complaint, plaintiff-appellee alleged negligence on the part of the appellant. The negligence of the appellant was the foundation and cornerstone of the plaintiff’s case. And evidence was introduced to support plaintiff’s allegation that it was appellant who was negligent. Thus, the characteristic which distinguishes this case from Price is the negligence of the defendant owner.
This brings us to appellant’s next contention which is that the evidence in the record which tends to prove negligence on the part of the appellant, is insufficient. The principle is too well established to be debated that an appellate court will not substitute its judgment for that of the jury where the record contains substantial competent evidence to support the jury’s verdict. Midstate Hauling Company v. Fowler, Fla.1965, 176 So.2d 87. On the record before us, we can not say that, taking the view of the case most favorable to the ap-pellee, the jury could not have reasonably *634 found their verdict upon the evidence before them.
One further contention merits brief discussion. It is claimed that the trial judge erred in denying defendant-appellant’s requested instructions numbers 14 and 21. These requested instructions could properly have been given. Nevertheless, we hold that, in view of all the other instructions taken as a whole, the failure to give the requested instructions was harmless error. See § 54.23, Fla.Stat., F.S.A.
No reversible error having been made to appear, the judgment appealed is affirmed.
Affirmed.