SWANN, Judge
(dissenting).
I must respectfully disagree only with that part of the majority opinion which finds that there was competent substantial evidence in the record to support the jury’s verdict and subsequent final judgment that there was any negligence proven on the part of the defendant, Maulé Industries, Inc.
The alleged independent negligence of Maulé was predicated upon the theories of (a) the supplying by it of improper equipment, a Kelly bar, for use on the job, and (b) in negligently hiring an incompetent worker, the deceased dynamite blaster, Dock Smith.
The plaintiff, in her brief, summarizes her theory of liability for (a) as follows:
“The Kelly bar and core breaker furnished by the defendant permitted dynamite to be loaded without removing the core breaker, while there was available to the defendant other equipment that would have made this fatal error impossible. Further, the defendant knew of the repeated recurrence of this foreseeable human error of loading dynamite without removing the core breaker, and had gone so far as to provide a modification in the Kelly bar so as to make it possible to correct more rapidly this ultra-dangerous error.”
The testimony relied upon by plaintiff to support this theory is that of a dynamite blaster who was discharged from the job prior to the accident and was not present when it occurred. A review of his testimony shows that, even if it is correct, the sole proximate cause of the accident was the negligent mishandling or misuse of proper equipment by the men at the scene of the accident. Even assuming, arguendo, that there might have been better or safer equipment available, this record clearly demonstrates that the accident occurred as a result of the negligence of the men in the misuse of the equipment and not because of improper or defective equipment.
Insofar as theory (b) is concerned, the record demonstrates that Dock Smith had a blaster’s license from Dade County since at least 1959 and was also licensed by the State of Florida. There was no evidence that he was incompetent, or that any alleged incompetency was known, or should have been known, by Maulé.
The elements necessary for proof of this type are set forth in 2 Shearman and Red-field, Negligence, § 200, pp. 461-463 (Rev. Ed. 1941) :
“The burden of proving negligence in selecting or continuing an unfit servant is upon the plaintiff. He must prove (1) the specific negligent act on which the action is founded, which may, in some cases, but not generally, be such as to prove incompetency, but never can, of itself, prove notice thereof to the master; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts, had he used ordinary care in ‘oversight and supervision,’ or by proving general reputation of the servant for incompetency or negligence; and (4) that the *635 injury complained of resulted from the incompetency proved. * *
******
These were not met, and I therefore believe that the rule pronounced in Florida Power & Light Co. v. Price, Fla.1964, 170 So.2d 293, controls, and that the cause should therefore be reversed.