224 So.2d 320 (1969)
Woodrow W. CHANNELL, Petitioner,
v.
MUSSELMAN STEEL FABRICATORS, INC., Respondent.
No. 37494.
Supreme Court of Florida.
April 30, 1969.
Rehearing Denied May 23, 1969.
Wm. Reece Smith, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for petitioner.
John W. Boult, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for respondent.
BOYD, Judge.
This cause is before us on petition for writ of certiorari to review a decision by the District Court of Appeal, Second District, reported at 208 So.2d 639.
The Circuit Court of Hillsborough County, Neil C. McMullen, J., found for plaintiff below, Woodrow W. Channell, who is the petitioner here, entering judgment in the amount of $246,571.00 against Musselman Steel Fabricators, Inc., respondent here, and Florida State Steel Erectors, which corporation did not appeal the decision of the lower court.
Petitioner, Woodrow W. Channell, was the owner of the real property on which the accident recited herein occurred. He entered into a contract with defendant, Musselman, whereby Musselman was to fabricate and erect certain steel members for the roof of the building. Musselman furnished the steel and delivered it to the job site but did not erect the steel. Without the knowledge or permission of Channell, Musselman subcontracted this work to Florida State Steel Erectors, an independent contractor, hereinafter referred to as Florida Steel.
The injury occurred on a Saturday morning when the petitioner, who was an experienced construction worker, was returning from visiting neighbors on his way to his home which was adjacent to the building under construction. The foreman of Florida *321 Steel's work crew requested respondent to rehook a load of steel decking that had apparently become unhooked. Petitioner, Channell, was an experienced rigger and properly rehooked the cable as requested. Petitioner signaled the winch truck operator to lift the load, but the attempt to lift same was aborted when the cable supporting the boom of the winch truck snapped. Petitioner tried to get out from under the boom but it struck him, doing such injury that he miraculously survived the accident, being incredibly injured, crippled and paralyzed for life.
Petitioner, as plaintiff below, sued Florida Steel for its negligence and attempted to sue Musselman on several grounds, among which were: that the work contracted for was "inherently dangerous" and, therefore, Musselman was liable for the negligent act of his subcontractor, Florida Steel; that by virtue of the contract between plaintiff and Musselman, Musselman had the duty to perform this work with due care and because it failed to do so, defendant Musselman was liable alternatively in contract or tort.
The trial court allowed plaintiff to go to the jury on the theory of "inherently dangerous" operation but dismissed plaintiff's counts based upon the duty arising from the contract between plaintiff and Musselman.
The District Court reversed and remanded, holding that the plaintiff could not invoke the "inherently dangerous" doctrine since he was in privity with defendant and not a "third party." The District Court held, however, that plaintiff would be entitled to recover for his personal injuries in an action based on breach of contract and remanded for a new trial.
This decision is in conflict with Geffrey v. Langston Construction Co., 58 So.2d 698 (Fla. 1952), wherein this Court held a crane in operation "inherently dangerous" and stated that the bailor would be liable to the bailee for the death of the bailee's employee.
There is also conflict of the type recognized in Pope v. Pinkerton-Hayes, 127 So.2d 441 (Fla. 1961), with this Court's decision in Florida Power & Light v. Price, 170 So.2d 293 (Fla. 1964). The Price case, relied on by the District Court in its decision herein, holds that an employee of a contractor may not sue the contractee for the negligence of his fellow employees in either the inherently dangerous work or dangerous instrumentality theories. The Price case established an exception to the dangerous work doctrine, an exception based on considerations of the fellow servant rule, assumption of risk, Florida's hazardous occupation statute and workmen's compensation. The rationale of that case is not applicable to the facts before us.
The question for review by this Court is whether the trial court erred in submitting the question to the jury on the "inherently dangerous" doctrine. We hold that the trial court acted properly and that the District Court of Appeal, Second District, erred in reversing the trial court.
The fact that Channell owned the land and was in privity with Musselman has no bearing on his right to recover in tort from Musselman. There is no reasonable relationship between Channell's status as owner of the premises and his injury. Musselman was in possession and control during the construction and selected the negligent subcontractor, Florida Steel, without the knowledge or consent of Channell.
No case is cited and none found which limits the right of an injured party to recover because the injury occurred on his own property. The incidence of privity does not prevent a suit in tort between contracting parties. (Geffrey v. Langston, supra.)
Channell is entitled, therefore, to recover from Musselman for the negligent performance of inherently dangerous work by Florida Steel. Since the trial court was correct in relying upon the "inherently dangerous" theory, it is not necessary to determine whether liability might properly *322 have been predicated on contract as well as tort.
The decision of the District Court is quashed and the cause remanded, with directions to reinstate the verdict of the jury and the judgment of the trial court entered thereon.
ROBERTS, Acting C.J., DREW, CARLTON and ADKINS, JJ., and SPECTOR, District Court Judge, concur.