ON PETITION FOR REHEARING
PER CURIAM.
Plaintiff seeks appellate review of a summary final judgment rendered in favor of appellee. He contends that the pleadings and other evidence before the court at the hearing on the motion for summary judgment created genuine issues of material facts and that the court erred in resolving such issues in granting the judgment appealed. From our review of the record the following material facts appear without substantial conflict.
Plaintiff, a married 19-]/2 year old male, had been working for about two months with Davey Tree Expert Company, an independent contractor whose business consisted of cutting and trimming trees and other foliage around telephone and power lines. Plaintiff worked in a crew which operated a truck that had mounted on it a hinged boom, on the end of which was a bucket in which a crew member would stand and when elevated could reach the top of the trees to be trimmed. Plaintiff’s job was to stay on the ground, pick up the limbs when cut and put them in a chipping machine mounted on the rear of the truck which disposed of the litter.
On the day in question plaintiff and one other crew member were working pursuant to a contract between their employer and Florida Power Corporation. They had just finished trimming trees around the power transmission line owned by defendant and were in the process of lowering the boom so that it could be properly cradled before the truck was moved to a new location. *745 Plaintiff gave a deposition in which he said that he was picking up limbs around the truck when he received an electrical shock which caused his damages. He insisted that he was not in contact with the truck itself or any of the equipment on it and has no idea how he received the shock. He deposed that although he had worked with the truck for two months trimming trees around power lines, he did not know that these lines carried high voltage electricity or that such electricity could shock a person who came in contact with the line. He further deposed that he had never received any instructions from his employer concerning his work except he was supposed to pick up limbs and put them in the chipper.
The other crew member working with plaintiff filed an affidavit that as he was lowering the boom to cradle it, he told plaintiff to stand clear and plaintiff went out of view around the left side of the truck; that just before lowering the boom the position of the truck shifted causing a part of the boom to come in contact with the power line; that he heard a noise and looked to the left and saw plaintiff lying with his foot on the running board of the truck and the top of his body against an adjacent wire fence; that he surmised plaintiff was attempting to raise the metal “outrigger” which stabilized the truck when in a parked position and was in the process of working the lever of the outrigger when the boom came in contact with the power line causing the current to go through the cable and truck into plaintiff’s body.
Another fellow employee of plaintiff testified that plaintiff had been fully instructed to stand clear of the truck whenever the boom was working around power lines because of the danger of electrical current in case of an accident, and that after plaintiff was injured this employee found burned pieces of flesh on the lever which operated the outrigger and on another metal piece of the truck body.
There is no evidence in the record that the area where plaintiff and his fellow employee were working was any different or more dangerous than any other part of the power transmission line around which they had been working for two months, nor is there any evidence of any overt act by defendant power company which could be said to have caused or contributed to plaintiff’s injuries other than transmitting electricity through the lines around which plaintiff was working. There is likewise no evidence of any duty owed plaintiff by defendant power company which the latter failed to discharge, or for default in which plaintiff received his injuries.
The trial court found no genuine issue of any material fact and concluded from the evidence that plaintiff received his injuries as a result either of his employer’s negligence in failing to adequately instruct him on safety precautions and the hazards of his employment; or, from the negligence of a fellow employee of the independent contractor; or, from the plaintiff’s own negligence. The court specifically found an absence of any evidence of negligence by defendant and based his judgment on the rule of the Supreme Court in Florida Power and Light Co. v. Price in which the court said:
“We hold that liability flowing from operation of the doctrines of dangerous instrumentalities and inherently dangerous work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter’s employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the defendant owner, the latter will not be held liable. The incidence of the independent contractor and injury to his employee in the course of the performance of the inherently dangerous work absent any negligence on the part of the contracting owner absolves the latter from liability. This exception, as stated, although not expressly spelled out in *746 prior appellate decisions, is gleaned from the decisions cited.” [1]
The authorities cited by plaintiff in an effort to show proof of negligence by defendant appear to either be applicable only in suits brought by injured third persons as distinguished from an employee of an independent contractor doing work for the defendant owner, or which have been modified or overruled by the Price case above quoted.
From our review of the record we are inclined to agree with the trial court that the pleadings, depositions, affidavits pre-sént no genuine issue of a material fact and defendant was entitled to judgment as a matter of law. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS,. JJ., concur.

. Florida Power and Light Co. v. Price, (Fla.1964) 170 So.2d 293, 298.