BERANEK, Judge.
This is a plaintiff’s appeal in a personal injury action. After a jury trial, the court directed a verdict against plaintiff and entered final judgment for defendants/appel-lees. We find this case to be governed by the rationale of Florida Power & Light Company v. Price, 170 So.2d 293 (Fla.1964), and affirm.
The defendant owned land and was in the process of having a building constructed on it. A general contractor was performing the work pursuant to contract. The general contractor employed a roofing subcontractor and an air conditioning subcontractor among others. Plaintiff was an employee of the air conditioning subcontractor and was injured on the job by the negligence of an employee of the roofing subcontractor. Plaintiff sued the owner alleging vicarious liability only. There was no contention of any actual negligence or fault by the owner/defendant.
Plaintiff contends the roofing work was inherently dangerous and that the owner is liable under a nondelegable duty regarding inherently dangerous work by an independent contractor.[1]
The case of Florida Power & Light Co. v. Price, 170 So.2d 293 (Fla.1964), involved a suit by an injured employee of an independent contractor against an owner. In reaching its conclusion of no liability, the Supreme Court stated as follows at page 298:
We hold that liability flowing from operation of the doctrines of dangerous in-strumentalities and inherently dangerous work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter’s employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the *1247 defendant owner, the latter will not be held liable.
We hold the same rationale applies to bar liability in the instant situation where the employee of one subcontractor injures the employee of another subcontractor while both are engaged in the common contractual labor under the supervision and control of the general contractor. Again we stress that here there was no contention of negligence by the defendant owner. The final judgment is, therefore, affirmed.
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.

. For the purposes of this opinion, it is assumed that the roofing work in question was inherently dangerous.