McCORD, Judge.
This appeal is from a final summary judgment entered in favor of appellee Houston Homes, Inc. We affirm.
Appellant James L. Petty, Jr., as personal representative of the estate of Lori Petty, his deceased minor daughter, brought this action for wrongful death against John Breeden, Robert Phelps, and appellee Houston Homes, Inc., alleging that Lori died as a result of negligence of Breeden, Phelps and appellee in treating appellant’s home with aldrin poison to destroy termites.
The pertinent evidence as shown by the record in the light most favorable to appellant is as follows: In 1972, appellee, a general contractor and home-builder, sold a home he had constructed to appellant and his wife. Phelps, a defendant but not a party to this appeal, was the masonry contractor on the job. Breeden, doing business as Breedens Pest Control, also a defendant but not a party to this appeal, contracted to treat the home which appellee was building and which appellant later bought, for subterranean termites and issued a guarantee and termite service policy dated December 5, 1972. Under the policy, Breeden agreed for a period of five years to give additional treatment if subterranean termite infestation was found at no additional cost to the owner. It further provided that the transfer of ownership of the property would not in any way affect the contract’s provisions.
Pursuant to the contract, Breeden had treated the building site with poison before the concrete slab floor was poured. Appel-lee had procured Breeden for that purpose because termite treatment was required by the lending agency financing the house. After completion of the house, appellee sold it to appellant and turned the guarantee and termite service policy, which had been furnished to him by Breeden, over to appellant. Approximately two years later, appellant and his wife noticed termites in the home. Appellant’s wife called Houston, and he told her that Breeden had done the termite work on the house and to contact Breeden. She had no further contact with Houston but called Breeden, and he came out on two occasions and sprayed at the point where the termites were found. This did not get rid of the termites, and appellant’s wife then called Florida Pest Control. They came out and inspected the home and told appellant’s wife that the spraying which Breeden had done would not get rid of the termites and that it would be necessary to do what they call “rod and flood the foundation.” Appellee then called Breeden and gave him that report, and he then came out and rodded and flooded the foundation *278 with aldrin poison. Shortly thereafter, appellant’s 8-month-old child, Lori, became sick and ultimately died. Appellant alleges the death resulted from aldrin poisoning through the negligence of Breeden.
We are concerned on this appeal only with the question of whether or not the trial judge erred in granting summary judgment in favor of appellee, Houston Homes. Appellant contends that although Houston did not actively participate in the rodding and flooding of his home, Houston is responsible for Breeden’s alleged negligence because Houston employed Breeden as an independent contractor; that one who employs an independent contractor is liable to third persons for injuries caused by the negligence of the independent contractor when the work contracted for is inherently dangerous, citing Channell v. Musselman Steel Fabricators, Inc., 224 So.2d 320 (Fla. 1969). Appellant also contends that the trial court erred in finding as a matter of law that Houston is not strictly liable to appellant for the consequences resulting from Breeden’s alleged abnormally dangerous activity. In addition, appellant contends that the trial court erred in holding as a matter of law that appellant did not have a claim for punitive damages against Houston.
We do not find the law relating to liability of the owner to third parties because of the negligence of his independent contractor applicable to the facts of this case. Here, the initial termite work for which appellee had employed Breeden was completed before the house was sold to appellant. There were no strings attached to the sale in relation to termites. Appellant simply acquired the benefits of Breeden’s guarantee and termite service policy which contained the provision that transfer of ownership of the property will not in any way affect the provisions of the contract (Bree-den’s five-year guarantee). Upon sale of the property, Breeden ceased to be the independent contractor of appellee and became appellant’s contractor when appellant called upon him to rid the house of termites under Breeden’s guarantee to the owner of the premises, who was then appellant. The doctrine of strict liability would likewise, therefore, have no application to this situation.
AFFIRMED.
SHIVERS, J., and MASON, ERNEST E., Associate Judge (Retired), concur.