405 So.2d 198 (1981)
James HILL and South Florida Aircraft Sales and Leasing, Inc., Appellants,
v.
WALKER'S CAY AIR TERMINAL, INC., F/K/a Hansa Jet, Appellee.
No. 80-1464.
District Court of Appeal of Florida, Fourth District.
September 9, 1981.
Rehearing Denied November 10, 1981.
*199 Mark R. Boyd and Gilbert E. Theissen of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellants.
Pyszka & Kessler, Fort Lauderdale, and Larry Klein, West Palm Beach, for appellee.
BERANEK, Judge.
James Hill and South Florida Aircraft Sales and Leasing, Inc., owned an airplane which was damaged when it crashed while landing at Walker's Cay, an island in the Bahamas. The owners of the airplane had allowed Walker's Cay Air Terminal, Inc., to use the plane to fly food from Fort Lauderdale to Walker's Cay. The terms of the agreement are in dispute. The plane was flown by a free lance pilot named Richard Johnsen, who was not a regular employee of either the owners of the plane or Walker's Cay. After the crash, Hill and South Florida Aircraft Sales sued Walker's Cay Air Terminal, Inc., for damage to the plane. A jury found in favor of Walker's Cay on the claim and concluded Walker's Cay was not responsible. At issue during the trial was the status of the pilot and whether he was acting as an agent of the owners or on behalf of Walker's Cay.
We note the suit was not tried on a theory of bailment. Instead, the theory of recovery was that Johnsen was an agent of Walker's Cay when he negligently crashed the plane. Johnsen was not a party to the suit as it went to trial. One of the defenses asserted by Walker's Cay was that Johnsen was an independent contractor rather than an employee and that Walker's Cay thus was not responsible. In accordance with this theory, the trial court instructed the jury that an employer is not responsible for the negligence of an independent contractor. We are not certain that labeling the pilot an independent contractor should absolve Walker's Cay from liability if this independent contractor negligently crashed the plane; however, this is not questioned on appeal. Instead, appellants assert the trial court erred in refusing to instruct the jury as to the ultra-hazardous work exception to the rule of non-liability for independent contractors. See Florida Power & Light Company v. Price, 170 So.2d 293 (Fla. 1964); Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla.3d DCA 1978); and Florida Standard Jury Instruction (Civ.) 3.3(c), Ultra-hazardous work (exception to non-liability for negligence of independent contractor).
Under the circumstances of this case, we conclude the court erred in denying the appellants' requested instruction on ultra-hazardous work. Whether the activity was ultra-hazardous was a factual question for the jury. Here, the parties agree that under normal circumstances Walker's Cay would not be liable if Johnsen was serving as an independent contractor. We do not rule on the correctness of this appellate position but merely conclude that if it is to be the law of the case, then the court should have also instructed on the ultra-hazardous work exception as requested by appellants.
The cause is thus reversed and remanded for a new trial.
DOWNEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.