GRIFFIN, Judge,
dissenting.
The principal issue raised by appellant in this premises liability case was the trial court’s refusal, despite repeated urgings by appellant, to give the second portion of standard jury instruction 3.5(f), which pertains to constructive notice. The court’s stated basis for the refusal was: “There is conflicting evidence as to constructive knowledge, and it’s for that reason that I chose not to give that portion of the charge.” The trial court was half right: There was conflicting evidence in this record as to whether Harris Corporation had constructive notice of the dangerous condition. Thus, it certainly was error to fail to give the omitted portion of the instruction.
I believe the majority has voted to affirm because, after review of the trial transcript, they have concluded that the error was harmless. Frankly, if I were a betting judge, I also would wager that the outcome of the trial would not have been different had the missing words been read to that jury, and that giving the truncated instruction was, in fact, harmless error.[1] Nevertheless, in a case such as this, where the instruction deals directly with the issue of liability and where plaintiffs counsel has tried so hard to avoid the error, I cannot vote my hunch. I would reverse.

. South By South v. Palm Bay Club, Inc., 486 So.2d 31 (Fla. 3d DCA 1986); Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla.1981); Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla.1973); Maule Industries, Inc. v. Watson, 201 So.2d 631 (Fla. 3d DCA), cert. denied, 207 So.2d 689 (Fla.1967); City of Hialeah v. Robinson, 163 So.2d 523 (Fla. 3d DCA 1964).