677 So.2d 301 (1996)
Karen W. DOAK and husband, James R. Doak, Appellants,
v.
William F. GREEN, Melissa Ann Green, Georgia Timberlands, Inc., Timberlands Acquisition Company, and Louisiana-Pacific Corporation, Appellees.
No. 94-2237.
District Court of Appeal of Florida, First District.
January 8, 1996.
Jerry W. Gerde of Johnston, Harris, Gerde & Jelks, P.A., Panama City, for Appellants.
John M. Fite and Thomas W. Ledman of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for Appellees.
PER CURIAM.
The appellants brought suit to recover for injuries sustained by Mrs. Doak when a log loaded on a tractor trailer truck struck the van she was driving. The negligence action was brought against Melissa and William Green, the driver and the owner of the logging truck, respectively. Georgia Timberlands, Inc., and Timberlands Acquisition Company (the "Timberlands" defendants) were also named as defendants by virtue of their employing William Green as an independent contractor to engage in what was alleged to be the inherently dangerous activity of transporting logs on the public highway. The Timberlands defendants moved for summary judgment on the grounds that transporting logs was not an inherently dangerous activity that would make them responsible for the negligence of their independent contractor. The trial court agreed with the defendants, concluding as a matter of law that hauling logs was not an inherently dangerous activity, and entering a final summary judgment in favor of the Timberlands defendants. We agree with the appellants that the trial court erred in concluding as a matter *302 of law that hauling timber was not an inherently dangerous activity.
On appeal, the Doaks argue that the trial court's ruling was erroneous in light of our holding in Baxley v. Dixie Land & Timber Co., 521 So.2d 170 (Fla. 1st DCA 1988). We do not find Baxley dispositive of the instant appeal. To be sure, there was a finding in Baxley that the cutting, hauling and delivery of timber constituted inherently dangerous work that would make an employer of an independent contractor liable for injuries caused by the contractor's negligent performance of the work. However, it was the trial courtnot this courtthat made such a finding. The trial court's finding in Baxley that logging constituted inherently dangerous activity was not challenged on appeal, and we merely assumed, "without deciding as a matter of law," that the activity was inherently dangerous. Id. at 174. We are aware of no appellate decision in Florida specifically holding that the hauling of logs is or is not an inherently dangerous activity.
In Florida, an activity is inherently dangerous where "the danger inheres in the performance of the work; and it is sufficient if there is a recognizable and substantial danger inherent in the work, even though a major hazard is not involved." Madison v. Midyette, 541 So.2d 1315, 1317-18 (Fla. 1st DCA 1989) (quoting Florida Power and Light Co. v. Price, 170 So.2d 293, 295 (Fla. 1964)), approved, 559 So.2d 1126 (Fla.1990). Inherently dangerous activity is "of such a nature that in the ordinary course of events its performance would probably, and not merely possibly, cause injury if proper precautions were not taken." Florida Power and Light Co. v. Price, 170 So.2d at 295.
In our view, it was error for the trial court to conclude as a matter of law that hauling logs was not an inherently dangerous activity. As a general rule, it is a fact question for the jury whether the undertaking of an independent contractor is inherently dangerous so as to impose liability on the employer for injuries resulting from the independent contractor's negligence. See 34 Am. Jur.2d, Proof of Facts, 495. Thus, in Hill v. Walker's Cay Air Terminal, Inc., 405 So.2d 198 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 471 (Fla.1982), the court held that it was a factual question for the jury whether flying an airplane constituted an inherently dangerous activity. The existence of a standard jury instruction on this question is further proof that, to some degree, this is a matter for the finder of fact. See Fla.Std. Jury Instr. (Civ.) 3.3c ("ultrahazardous" work as an exception to an employer's nonliability for the negligence of an independent contractor). Although the Comment to the instruction notes that the charge should be omitted "[i]f the activity in question is ultrahazardous as a matter of law," this does not authorize the trial court to make such a determination absent either some statute or case law designating the activity as inherently dangerous or, perhaps, on the basis of a sufficient record of undisputed facts. At least we are safe in concluding that the trial court should not make the determination as a matter of law without any factual record and without the matter having been settled by statute or case law.[1]
In the instant case, the trial court concluded as a matter of law that hauling logs was not an inherently dangerous activity, and the court entered summary judgment on this basis. At the time the trial court made its ruling, no facts had yet been presented concerning the presence or absence of inherent danger in the subject activity. Because we can find no basis for concluding *303 that the subject activity was or was not inherently dangerous as a matter of law, we must reverse the summary judgment and remand the case for further proceedings.
REVERSED and REMANDED for further proceedings.
ERVIN, MINER and WOLF, JJ., concur.
NOTES
[1] We do not read Madison v. Midyette, supra, or American Automobile Association, Inc. v. Tehrani, 508 So.2d 365 (Fla. 1st DCA 1987), as authorizing the trial court to decide whether the activity was inherently dangerous in the first instance without any factual showing. Although in Madison we concluded as a matter of law that the clearing of land by fire was an inherently dangerous activity, the record on summary judgment was fully developed on this question, such that the supreme court, in approving our decision, noted "that the facts of this case disclose the existence of an inherent danger." Midyette v. Madison, 559 So.2d 1126, 1128 (Fla.1990). In Tehrani, we concluded that the jury should not have been permitted to consider whether operating a large wrecker was an inherently dangerous activity. Presumably, the record in Tehrani contained undisputed facts upon which it could be concluded as a matter of law that the activity was not inherently dangerous.