SORONDO, Judge.
Appellants/Third-Party Defendants ICA CONSTRUCTION CORPORATION, a Florida corp., and CARLOS MALLOL and JOSE M. NESSI, as Trustees of the assets of FLORIDA ROADS CO., a dissolved Florida corp., d/b/a joint ventures in ICA/FLORIDA ROADS JOINT VENTURE (collectively, ICA), appeal the lower court’s corrected final judgment in favor of Appellees/Third-Party Plaintiffs FREDERICK R. HARRIS, INC. (Harris), a New York corp., and KENNETH DUNNE (Dunne), individually, ALBAARI & ASSOCIATES, P.A. (Albaari) and JESUS PEREZ (Perez), individually. Third-Party Plaintiffs include Tudor Insurance Company (Tudor) and American Reliance Insurance Company (Reliance), substituted by agreement of the parties as parties in interest for Albaari and Perez. The lower court’s corrected final judgment is cross appealed by 1) Tudor, Albaari and Perez, 2) Reliance, Al-baari and Perez, and 3) Hams and Dunne.
Roberto Dominguez’ second amended complaint states he worked as a carpenter for ICA on a construction project owned by Metro-Dade County (MDC). Dominguez claimed a fellow employee was lifting him in a man basket suspended by a crane’s cable when it snapped and Dominguez fell 50 feet to the ground. ICA provided worker’s compensation benefits and was immune from suit by Dominguez.
Dominguez’ complaint alleges negligence against appellees/third-party plaintiffs: Harris, the consulting engineers hired by MDC; Dunne, Harris’ employee and the resident engineer; Albaari, the architectural firm hired by Harris to provide inspectors; and Perez, the architectural inspector employed by Albaari and provided by contract to Harris to work with Dunne.
Harris/Dunne and Albaari/Perez brought third-party actions against ICA. Albaari/Per-ez alleged that they were entitled to contractual indemnification from ICA based on 3 separate indemnification agreements in the contract between MDC and ICA, on the basis that Albaari/Perez were acting as agents for MDC; that they were entitled to common law indemnification against ICA because ICA had a non-delegable duty regarding the use of the crane, thus their liability to Dominguez was vicarious; and that they settled their claim with Dominguez for $100,000, paid solely in settlement for damages caused by ICA’s negligence for which Albaari/Perez were responsible.[1]
Harris/Dunne alleged that they were entitled to contractual indemnification from ICA based on the 3 indemnity provisions in the contract between MDC and ICA because Harris, through Dunne, acted as resident engineer for MDC; that they were entitled to common law indemnification against ICA because ICA had a non-delegable duty regarding the operation of the crane, thus, their liability to Dominguez was vicarious; and that they settled with Dominguez for $1.2 million, paid solely in settlement for damages caused by ICA’s negligence for which Harris/Dunne were responsible.
Third-party plaintiffs argued they were not seeking to be indemnified for their own negligence, but for ICA’s negligence for which they were responsible. After a jury trial, the trial court agreed with the third-party plaintiffs and entered a corrected final judgment, awarding Harris/Dunne $1,104 million on principal and pre-judgment interest. The same judgment awarded Tudor and Reliance (Albaari/Perez) $1.1 million for full indemnification of their settlement with Dominguez and pre-judgment interest. This appeal followed.
*115 After a careful review of the record we agree with ICA that it' was entitled to judgment as a matter of law because the contractual indemnification provisions were sufficient only to indemnify the third-party plaintiffs for any vicarious liability that they would suffer as a result of ICA’s actions. Brickell Biscayne Corp. v. WPL Assoc., Inc., 671 So.2d 247 (Fla. 3d DCA 1996). See also Cleary Bros. Constr. v. Upper Keys Marine Constr., 526 So.2d 116 (Fla.App. 3d DCA 1988), rev. denied, 534 So.2d 402 (Fla.1988); Allstate Ins. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 885 (Fla.1984). We can find no evidence in this record to establish vicarious liability of the third-party plaintiffs for the negligence of ICA.
Even if the third-party plaintiffs stepped into the shoes of MDC, making them liable for the use of the crane, an inherently dangerous activity, such vicarious liability would run only to third parties and not to employees of the independent contractors performing the inherently dangerous work. Florida Power and Light Co. v. Price, 170 So.2d 293 (Fla.1964); Baxley v. Dixie Land and Timber Co., 521 So.2d 170 (Fla. 1st DCA 1988).
We find no merit in the cross-appeals filed by appellees/third-party plaintiffs.
We reverse the final judgment of the trial court and remand with instructions that final judgment be entered in favor of ICA.

. These allegations were amended based on the lower court’s order on Tudor’s motion to intervene, in which the court agreed that Albaari/Per-ez’ claim for indemnification would be for the benefit of Reliance, which paid $100,000 of the settlement, and for Tudor, which paid $ 1 million of the settlement, of Albaari/Perez’ total settlement with Dominguez for $1.1 million.