541 So.2d 1315 (1989)
Larry Donnell MADISON and Linda Madison, His Wife, Dwight Yelton and Patricia Yelton, His Wife, and John James Penn, Appellants,
v.
Payne H. MIDYETTE, Appellee.
No. 87-1947.
District Court of Appeal of Florida, First District.
April 14, 1989.
*1316 Michael F. Coppins, of Douglass, Cooper, Coppins & Powell, David A. Barrett, of Barrett & Bajoczky, Tallahassee, and Stephen W. Carter, of Dalton & Provencher, Orlando, for appellants.
R. William Roland, of Karl, McConnaughhay, Roland & Maida, Tallahassee, for appellee.
ERVIN, Judge.
Appellants seek review of an order granting appellee's motion for summary judgment on the issue of liability in a negligence action for damages allegedly caused by the clearing of appellee's land by fire. The testimony conflicted regarding whether smoke was present at the scene of the accident. In entering summary judgment, the court held as a matter of law that appellee was not liable for the conditions at the scene of the accident. The effect of *1317 the trial court's ruling was that appellee, the owner of the land, could not be held liable because the work was undertaken by an independent contractor. Although we agree that the trial judge correctly determined on summary judgment that the clearing of the land was performed by an independent contractor hired by appellee, we disagree with his implied conclusion that this activity was not inherently dangerous. We therefore reverse the summary judgment and remand for further consistent proceedings.
Appellee entered into a contract with one Reaves who agreed to clear appellee's land located approximately one-quarter to one-half mile west of Interstate Highway 10 (I-10). The contract provided that this work would include "pushing, raking, piling and burning," and specified a per acre fee and completion date. Appellee provided no tools, equipment or labor. After securing a burn permit,[1] Reaves began burning debris on appellee's land. Early the following day, a multi-vehicle accident occurred on I-10. As a result of the accident, appellants sued several defendants, including appellee. Appellants alleged that the smoke from the burning on appellee's land, mixed with fog, caused dangerous visual conditions.
Turning to the first of the two issues  whether Reaves may properly be considered an independent contractor  the primary factor to be decided is the degree of control exercised over the details of the work. See Nazworth v. Swire Fla., Inc., 486 So.2d 637 (Fla. 1st DCA 1986). Appellants contend that appellee retained control over the work by instructing Reaves to burn the land, and when to finish the work. The contract, however, did not limit Reaves' activities, and the employer's instructions regarding a completion date did not usurp Reaves' control. See Van Ness v. Independent Constr. Co., 392 So.2d 1017 (Fla. 5th DCA), review denied, 402 So.2d 614 (1981); Lee v. American Family Life Assurance Co. of Columbus, 431 So.2d 249 (Fla. 1st DCA 1983). Reaves was paid by the job, and the work was his regular business. He hired an assistant to help, and supervised the assistant's work. Reaves was responsible for providing all labor, tools and equipment. The undisputed facts indicate that appellee did not control the details of the work and, therefore, establish that Reaves was an independent contractor. See e.g., Nazworth; Magarian v. Southern Fruit Distribs., 146 Fla. 773, 1 So.2d 858 (1941).
Although the rule is well-established that one who employs an independent contractor is ordinarily not responsible for the manner in which the work is performed, see generally, Van Ness, an employer may nevertheless be held liable for the acts of an independent contractor if the latter fails to exercise due care in the performance of work which is inherently dangerous. See Baxley v. Dixie Land & Timber Co., 521 So.2d 170, 172 (Fla. 1st DCA 1988). The crucial issue to be decided in the case at bar is whether the activity of clearing land by fire, and the natural consequence  smoke  resulting therefrom, can be considered inherently dangerous.
Regarding the type of activity that can appropriately be characterized as inherently dangerous, the Florida Supreme Court in Florida Power and Light Co. v. Price, 170 So.2d 293, 295 (Fla. 1964), observed that the test to be applied is whether the "danger inheres in the performance of the work; *1318 and it is sufficient if there is a recognizable and substantial danger inherent in the work, even though a major hazard is not involved." Although we have uncovered no Florida cases specifically holding that the clearing of land by fire is inherently dangerous, the majority of out-of-state jurisdictions that have addressed the question have so held, stating that the employer of an independent contractor may be subjected to liability for the latter's negligence. See cases collected in Annotation, Liability for Spread of Fire Purposely and Lawfully Kindled, 24 A.L.R.2d 241, 290 (1952). See also W. Prosser & W. Keeton, The Law of Torts 513 (5th ed. 1984).
Given the general acceptance by Florida courts of the exception, and the scope of its application to other dangerous employments,[2] we conclude as a matter of law that the clearing of land by fire is an inherently dangerous activity, particularly in view of the Florida Supreme Court's comments that fire is a dangerous agency, and that "one setting out a fire must use care to prevent it from damaging his neighbor in proportion to the risk reasonably and ordinarily to be anticipated by a prudent person under the circumstances." Cobb v. Twitchell, 91 Fla. 539, 543, 108 So. 186, 187 (1926).
The fact that the injuries actually suffered may have been caused by smoke rather than fire is in our judgment immaterial. A natural, probable consequence of clearing land by fire is the attendant smoke. As the Supreme Court of Arkansas observed in St. Louis, I.M. & S. Ry. v. Yonley, 53 Ark. 503, 508, 14 S.W. 800, 801 (1890): "If one employs another to perform a work which from its nature is necessarily dangerous to the property of a third person, the employer cannot escape liability for the injury thereby done. In such cases, the injury flows from the doing of the act as its natural consequence, and not from the manner in which the act is done." (Emphasis added.)
In the case at bar, as in Yonley, the injury alleged flowed from the doing of the asserted negligent act as its natural consequence. If, then, the act of clearing land by fire is ultrahazardous or inherently dangerous, in order to determine if liability should be fastened upon the employer of an independent contractor, the correct test to be applied is whether "the necessary or probable effect of the performance of the work would be to injure third persons... ." Ohio S.R.R. v. Morey, 47 Ohio St. 207, 213, 24 N.E. 269, 270 (1890) (emphasis added). Or, as stated by the Florida Supreme Court, if the "work was of such a nature that in the ordinary course of events its performance would probably, and not merely possibly, cause injury if proper precautions were not taken[,] ... an owner is liable for injuries caused by the failure of an independent contractor to exercise due care in respect of the performance of the work." Florida Power and Light Co. v. Price, 170 So.2d at 295-296 (emphasis added). One may reasonably anticipate that large piles of burned debris, if left unattended and smoldering during the night, can cause a large accumulation of smoke within the immediate area, including a nearby interstate highway, thereby causing a hazard to passing motorists.
Appellee also justifies the lower court's entry of summary judgment by his reliance upon Rayonier, Inc. v. Bryan, 249 F.2d 405 (5th Cir.1957). We consider the Rayonier case to be inapplicable to the facts on review for the primary reason that the activity that there caused the fire could not *1319 be considered inherently dangerous, because it did not, as defined by the Florida Supreme Court in Florida Power and Light Co. v. Price, inhere in the performance of the work. Rather, in Rayonier, the independent contractor was hired to clear the land by cutting timber, not by burning it. In fact, the fire set in Rayonier was unintentionally started by one of the contractor's employees who had thrown a match into a nest of yellow jackets, in an attempt to dislodge them. The ensuing damage done to the adjoining neighbor's property thus was not caused, as here, as a result of the performance of the work contracted for between the independent contractor and the employer.
Although we reverse the summary judgment and remand the case for further proceedings, because the question at bar is not one that has been specifically addressed by any Florida appellate court, we certify the following question to the Florida Supreme Court as one of great public importance:
IS THE CLEARING OF LAND BY FIRE, AND ITS RESULTING NATURAL CONSEQUENCE, SMOKE, AN INHERENTLY DANGEROUS ACTIVITY WHICH MAY CAUSE LIABILITY TO BE FASTENED UPON THE EMPLOYER OF AN INDEPENDENT CONTRACTOR FOR PERSONAL INJURIES SUFFERED BY THIRD PERSONS OUTSIDE THE PREMISES OF THE PROPERTY CLEARED?
JOANOS, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
I agree with the majority that Reaves was an independent contractor, but I would conclude that the work undertaken by Reaves, including the clearing of land by fire, was not an inherently dangerous activity in the circumstances here presented. While some cases, such as those cited by the majority, have treated the setting of fires as an inherently dangerous activity, in other instances the setting of fires has not been considered to be inherently dangerous. See e.g., Rogers v. Parker, 159 Mich. 278, 123 N.W. 1109 (1909); Shute v. Township of Princeton, 59 N.W. 1050 (Minn. 1894). The dangerousness of this activity is dependent upon the context in which it is performed. In the present case the burning was permitted by the Division of Forestry, in accordance with weather conditions which minimized the attendant danger. The burning was conducted on rural land located a considerable distance from the highway. Reaves was an experienced land clearer, and the burning was limited to several piles of debris. Upon considering the various factors involved in this case, I am of the opinion that the circumstances require the conclusion that Reaves' activities did not produce a substantial and foreseeable risk of damage from fire or smoke, and the activities were thus not inherently dangerous. I would therefore affirm the summary judgment for appellee.
NOTES
[1] A forestry agent testified that burn permits are issued by the Division of Forestry only when there is a low nighttime stagnation index and no fire hazard. At the time of the accident these permits allowed burning from 9 a.m. until 6 p.m., at which time the fire was required to be "dead out," i.e., flames could not be visible but residual smoke could. The evidence before the trial court in this regard conflicted; however, the trial court's order granting summary judgment in favor of appellee was not, as stated infra, based on the lack of evidence concerning the question of negligence. We therefore are not asked to decide whether the trial court erred in granting summary judgment on the ground that genuine issues of material fact existed regarding whether the independent contractor was negligent in the performance of his work.
[2] See, e.g., Baxley v. Dixie Land & Timber Co., 521 So.2d 170 (Fla. 1st DCA 1988) (cutting, loading and delivering of logs); Fisherman's Paradise, Inc. v. Greenfield, 417 So.2d 306 (Fla. 3d DCA 1982) (replacement of a refrigerator); Noack v. B.L. Watters, Inc., 410 So.2d 1375 (Fla. 5th DCA 1982) (installation of natural gas lines); Hill v. Walker's Cay Air Terminal, Inc., 405 So.2d 198 (Fla. 4th DCA 1981), review denied, 412 So.2d 471 (1982) (flying of an airplane); Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980) (operation of a crane); Bialkowicz v. Pan Am. Condominium No. 3, Inc., 215 So.2d 767 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 751 (Fla. 1969) (installation of pilings).