559 So.2d 1126 (1990)
Payne H. MIDYETTE, Petitioner,
v.
Larry Donnell MADISON, et ux., et al., Respondents.
No. 74091.
Supreme Court of Florida.
April 12, 1990.
*1127 R. William Roland of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for petitioner.
Michael F. Coppins of Douglass, Cooper, Coppins & Powell, Tallahassee, and Stephen W. Carter of Martinez, Dalton & Provencher, Orlando, for respondents.
John E. Norris of Norris & Koberlein, P.A., Lake City, and Mallory E. Horne, Agriculture & Consumer Services, Tallahassee, amicus curiae, for Florida Forestry Ass'n and State of Fla. Div. of Forestry.
KOGAN, Justice.
We have for review Madison v. Midyette, 541 So.2d 1315, 1319 (Fla. 1st DCA 1989), which certified the following question of great public importance:
Is the clearing of land by fire, and its resulting natural consequence, smoke, an inherently dangerous activity which may cause liability to be fastened upon the employer of an independent contractor for personal injuries suffered by third persons outside the premises of the property cleared?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Payne Midyette entered into a contract with Dorsey Reaves to clear Midyette's twenty-eight-acre parcel of land located near Interstate 10 in Leon County. The contract specified a fee and completion date. However, Midyette provided no tools, equipment or labor. After securing a burn permit required by law, Reaves began clearing the land on December 10, 1985. He apparently left several piles of smoldering material on the land that evening.
Early the following day, a multi-vehicle accident occurred on nearby Interstate 10. Larry Donnell Madison and others alleged that this accident was caused by the smoke from Reaves' fires, which had combined with fog in the early morning hours to reduce visibility.
Midyette moved for summary judgment on grounds Reaves was an independent contractor and thus was solely responsible for any negligent acts. Madison and the other respondents countered that Midyette was liable because the work performed by Reaves was inherently dangerous, which would render Midyette vicariously liable as Reaves' principal. The trial court ruled in favor of Midyette.
On appeal, the First District reversed and held that burning and its natural consequences, such as fire and smoke, were inherently dangerous activities. As a result, Midyette remained liable for the activities of his contractor. Madison, 541 So.2d at 1317-18.
The question posed by this case is whether the activities in question involved an "inherent danger," which would impose upon Midyette a nondelegable duty of care.[1]
Although Florida courts have never stated with clarity the precise contours of the doctrine of inherent dangers, the case law reveals its basic characteristics. In Brien v. 18925 Collins Avenue Corp., 233 So.2d 847, 849 (Fla. 3d DCA 1970), for instance, the Third District declined to find an inherent danger when a security guard, the employee of an independent contractor, had negligently shot a person while on duty. The Brien court concluded that an inherent danger did not exist "in the absence of an allegation that the owner had or ought to have had notice of the dangerous propensities of the guard" employed by the independent contractor. Id. Accord Williams v. Wometco Enterprises, Inc., 287 So.2d 353, 354 (Fla. 3d DCA 1973), cert. denied, 294 So.2d 93 (Fla. 1974).
By the same token, our courts have held that some types of activities  such as operating a crane  can only be described as "inherently dangerous." Geffrey v. Langston Const. Co., 58 So.2d 698 (Fla. 1952); Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 679 *1128 (Fla. 3d DCA 1980). As is self-evident, all parties using or contracting for the use of a crane are on notice as to its dangerous propensities.
When an "inherent danger" of this type exists, the principal's liability for the undertaking is not transferred to the contractor. Id. Thus, the principal remains vicariously liable for the contractor's acts of negligence.[2]
We believe that the facts of this case disclose the existence of an inherent danger. Midyette hired a contractor to clear land and burn the resulting rubbish in an area near Interstate 10, one of the most heavily traveled traffic corridors in Leon County. Setting a fire clearly is a dangerous agency, Cobb v. Twitchell, 91 Fla. 539, 108 So. 186 (1926), because it possesses an inherently dangerous propensity. We believe that it is equally self-evident that smoke blowing across a heavily traveled traffic corridor also possesses a dangerous propensity, of which Midyette should have been aware. Visibility could be so obscured by smoke that drivers of motor vehicles might lose their bearings, become involved in accidents and suffer injuries. Accordingly, Midyette remains vicariously liable for his contractor's activities.[3]
In reaching this conclusion, we are mindful of the concerns about good forestry practices raised by the Florida Forestry Association. However, we do not believe anything in this opinion will undermine the responsible use of fire to assist in clearing land. Indeed, at oral argument counsel for respondents alleged that Midyette's contractor may have gone beyond the bounds of accepted forestry practice by allowing the piles of rubbish to burn overnight and into the next morning.
If this allegation proves to be true, then we believe public policy requires that the contractor's negligence be imputed to the principal. The use of fire is strictly regulated under state law. See §§ 590.025-.03, Fla. Stat. (1985). The overall thrust of these statutes is to protect the public from the kind of risk alleged to have existed in this instance. We believe that, under the law and its underlying policy, Midyette had a nondelegable duty to ensure that no one was injured as a result of his contractor's negligence, if such negligence in fact existed.
Accordingly, we answer the certified question in the affirmative. The decision of the district court is approved.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[1] Initially, we note that Midyette asks this Court to refrain from holding that smoke produced by burning may constitute an ultrahazardous or abnormally dangerous activity, for which strict liability would exist. We do not believe this is the issue actually presented by this case. Rather, the issue is the general negligence concept of inherent dangers.
[2] We emphasize, however, a danger that is merely "inherent" does not give rise to strict liability.
[3] We express no opinion, however, as to whether the contractor in fact engaged in acts of negligence or as to whether the smoke, and not the fog, was primarily responsible for the accidents at issue here. These are questions for the finder of fact.