FLETCHER, Judge.
Aerovías, S.A. d/b/a Aerovías Airlines appeals a final summary judgment denying its complaint against Air Haiti, S.A. for common law and contractual indemnity. We reverse.
Aerovías contracted with Wolfgang Langer to transport Langer’s BMW automobile from Miami to Guatemala, in furtherance of which Langer delivered the car to storage facilities shared by Aerovías and Air Haiti. The automobile was stolen before it could be shipped to Guatemala and Langer sued Aerovías for its failure to deliver the automobile to him upon his demand and presentation of the warehouse receipt. Aerovías then filed a third-party complaint seeking indemnity from Air Haiti, contending that Air Haiti’s negligence was the actual cause of the loss and that Aerovías was only vicariously liable based on the contract with Langer.
The trial court granted summary judgment in favor of Langer against Aerovías and in favor of Aerovías on the third-party complaint for indemnity against Air Haiti. A timely motion for rehearing was filed by Air Haiti as to Aerovías’ judgment against it, which motion was granted. Aerovías filed an untimely rehearing motion as to Langer’s judgment, which motion the trial court also granted.
Langer appealed the trial court’s rehearing order which set aside his summary final judgment against Aerovías. This Court, Langer v. Aerovias, S.A., 584 So.2d 175 (Fla. 3d DCA 1991), reversed the order granting Aerovías motion, thus reinstating Langer’s judgment against Aerovías. Simply put, when the dust had settled Langer had a judgment against Aerovías and Aerovías had no judgment against Air Haiti.
On remand, the trial court (albeit reluctantly) concluded that because Langer had alleged negligence against Aerovías, and a judgment had been entered against Aerovías in favor of Langer, indemnification was not available against Air Haiti. The trial court then granted a final summary judgment in favor of Air Haiti on the basis that Aerovías’ “wrongful act,” “adjudicated” by Langer’s summary judgment, precluded indemnification by Air Haiti.
The principle[1] that the trial court believed to be controlling is inapplicable here. Although Langer’s complaint against Aerovías included allegations of negligence, Aerovías, in its third-party complaint asserts that its liability to Langer arises only vicariously from Air Haiti’s negligence. As a consequence, Aerovías’ maintenance of its indemnity claim against Air Haiti is not precluded. Julien P. Benjamin Equip. Co. v. Blackwell Burner Co., 450 So.2d 901 (Fla. 3d DCA 1984). Indeed, we fail to discern that any just conclusion would result by precluding indemnification where an indemnitee is innocent of any active negligence, but the indem-nitor is not.
As material issues of fact remain unresolved, we reverse the summary final judgment and remand for further proceedings.

. That a former adjudication against an indemni-tee, finding the indemnitee's acts to be wrongful, is binding against the indemnitee and precludes indemnification (in the absence of a clear and unequivocal contractual expression to the contrary). See Hoskins v. Midland Ins. Co., 395 So.2d 1159 (Fla. 3d DCA), rev. denied, 407 So.2d 1104 (Fla.1981).