701 So.2d 402 (1997)
PAUL N. HOWARD COMPANY, etc., Appellant,
v.
AFFHOLDER, INC., et al., Appellees.
No. 97-148.
District Court of Appeal of Florida, Fifth District.
November 7, 1997.
*403 Michael M. Bell and Andrew J. Leeper of Bell & Leeper, P.A., Orlando, for Appellant.
Wallace W. Hardy of Law Offices of Wallace W. Hardy, Orlando, for Appellees.
PETERSON, Judge.
Appellant, Paul N. Howard Company ("Howard") appeals a final judgment dismissing with prejudice Howard's second amended third party complaint in favor of appellee, Affholder, Inc. ("Affholder"). Howard specifically contends the trial court erred by finding that claims for contractual and/or common law indemnity were improperly alleged against Affholder.
In April, 1984, Howard, as a general contractor, entered into a contract with Orange County to complete a construction project known as the "Southwest Orange County Water Conservation Effluent Transmission Main" ("Project"). The project was designed by Camp, Dresser & McKee, Inc. ("CDM"), an engineering firm.
Howard entered into a subcontract with Affholder to install steel casing pipe in the project. Affholder in turn entered into an agreement with Ed Waters & Sons Contracting, Inc. ("Waters") whereby Waters agreed to furnish and install certain steel sheeting reinforcement work on the project.
On November 2, 1984, Eiler, an employee of Waters, was injured while working on the project when a crane operated by a fellow Waters' employee came in contact with a high voltage line. Eiler filed a lawsuit against CDM, Howard and Affholder. Both Howard and Affholder were granted summary judgments in their favor on the claims brought against them by Eiler based on a determination that they were both statutory employers of Eiler and, therefore, were immune from tort suit under Florida's workers compensation law. On appeal this court per curiam affirmed both summary judgments. Eiler, et al. v. Camp Dresser & McKee, Inc., et al., 591 So.2d 641 (Fla. 5th DCA 1992); Eiler, et al. v. Camp Dresser & McKee, Inc., et al., 594 So.2d 753 (Fla. 5th DCA 1992).
Subsequently, CDM entered into a settlement agreement with Eiler for all claims Eiler had against CDM. CDM then sued Howard seeking indemnification for all amounts paid under the settlement, alleging that Howard agreed under the terms of the general contract to indemnify the owner and engineer from "all claims, damages, losses and expenses ... arising out of or resulting from the performance of the work." In its complaint for indemnity CDM alleged that Howard, Affholder and Waters, individually, or through their respective representatives, were negligent.
Howard, in turn, filed a third party complaint against Affholder and Waters for indemnity. The trial court found that the action against Waters was precluded under Florida's worker's compensation law and on appeal, this court affirmed. Paul N. Howard Co., etc. v. Ed Waters & Sons Contracting Co., Inc., etc., 688 So.2d 933 (Fla. 5th DCA 1997).
In the instant claim against Affholder, Howard sought to recover under either a contractual or common law indemnity claim. Howard alleged it was not actively negligent but that it may be liable to CDM for Affholder's negligence to the extent the negligence was the legal cause of damages to Eiler. Affholder moved to dismiss Howard's third party complaint arguing that, "[i]f the cause of the injury to Richard Eiler, for which CDM paid monies to settle that claim, is due to the negligence of Affholder, Howard would have no responsibility for that negligence since Affholder was an independent contractor on the job. Therefore, there would be no liability on the part of Howard with regard to the claims alleged against it in this case by CDM." Thus, Affholder concludes, Howard's third party complaint against Affholder fails to state a cause of action since there is no vicarious liability on the part of Howard for the acts of Affholder. The trial court entered a final judgment dismissing Howard's complaint against Affholder with prejudice and, following the denial of Howard's motion for rehearing, this appeal ensued.
In Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979), the supreme court determined that a two-pronged test must be met in order to recover on an indemnity theory. Foremost, the party who seeks indemnity must be wholly without fault and the party against whom indemnity is sought *404 must be guilty of negligence. Secondly, the party who seeks indemnity is obligated to pay only because of some vicarious, constructive, derivative or technical liability to another. Walter Taft Bradshaw & Associates, P.A. v. Bedsole, 374 So.2d 644 (Fla. 4th DCA 1979).
Assuming that Howard can fulfill the requirements of the first prong, it is impossible for Howard to fulfill the requirements of the second prong. Despite Howard's allegations to the contrary, Howard cannot be held vicariously, constructively, derivatively, or technically liable for Affholder's alleged negligence. The relationship between Howard and Affholder is that of general contractor (Howard) subcontracting with subcontractor/independent contractor (Affholder), and nothing more. Howard's attempt to characterize itself as a principal and Affholder as its agent so as to establish vicarious liability is unavailing. Affholder is correct that the primary factor to be decided with regard to whether an entity is an independent contractor is the degree of control exercised over the details of the work. Madison v. Midyette, 541 So.2d 1315 (Fla. 1st DCA 1989), approved, 559 So.2d 1126 (Fla. 1990). In the instant case, apparent from the parties' subcontract agreement, itself, Affholder was responsible for providing all labor, tools and equipment and was otherwise in control of the details of the project. Furthermore, Affholder was also responsible for payment of all taxes, contributions and/or premiums payable to its employees. Lastly, there is also a provision that gives Affholder a period of 72 hours to complete its work on the project before Howard can take over the work and take it out of the hands of Affholder due to default. These provisions of the subcontract indicate that the relationship between Howard and Affholder was that of general contractor (Howard) subcontracting with subcontractor/independent contractor (Affholder), and nothing more.
AFFIRMED.
COBB and HARRIS, JJ., concur.