779 So.2d 602 (2001)
The HILLER GROUP, INC., Appellant,
v.
REDWING CARRIERS, INC., Appellee.
No. 2D99-4369.
District Court of Appeal of Florida, Second District.
February 28, 2001.
*603 Mark A. Boyle of Fink & Boyle, P.A., Fort Myers, for Appellant.
Jeffrey D. Kottkamp and Gerald Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellee.
BLUE, Acting Chief Judge.
The Hiller Group, Inc., appeals from a final summary judgment entered in favor of Redwing Carriers, Inc., on Hiller's claims for indemnification for attorney's fees. We reverse.
The underlying complaint sought damages as a result of contaminated fuel purchased by boat owners from Stump Pass Marina. The marina filed a third-party complaint for negligence against Redwing, which had transported and delivered the fuel, and for breach of warranty, breach of contract, and indemnification against Hiller, which brokered the fuel transaction. The fuel contamination occurred when a Redwing employee improperly pumped the wrong fuel into the marina's fuel storage tank or tanks. Hiller filed a cross-complaint against Redwing for indemnification and contribution. Eventually, Redwing settled all the claims. Hiller, however, refused to dismiss its cross-claim and continued to insist on its entitlement to indemnity-based attorney's fees.
The trial court considered the matter by way of Redwing's summary judgment motion. Redwing argued Hiller was not entitled to recover its attorney's fees because there was no written contract between Redwing and Hiller nor any other legal basis for an award of fees under the circumstances. After numerous memoranda addressed to the matter, the trial court granted Redwing's motion for summary judgment and entered final judgment denying Hiller's claim for attorney's fees.
"Indemnity is the right which inures to one who discharges a duty that is owed by him, but which, as between himself and another, should have been discharged by the other." Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 492 (Fla. 1979). In Florida, actions for indemnity have been restricted to situations involving either a duty, an express contract, or the existence of active and passive negligence. See Stuart v. Hertz Corp., 351 So.2d 703 *604 (Fla.1977). Under Florida law, an indemnitee is entitled to indemnification not only for the judgment entered against it, but also for attorney's fees and court costs. See Pender v. Skillcraft Indus., Inc., 358 So.2d 45 (Fla. 4th DCA 1978); Insurance Co. of N. Am. v. King, 340 So.2d 1175 (Fla. 4th DCA 1976).
Hiller was brought into the case by the marina's third-party complaint. The marina based its claims against Hiller on actions for breach of warranty and breach of contract. Under either claim, the negligent action was committed by Redwing. Hiller was exposed to liability through no act of its own, but due to the wrongful acts of another, Redwing. Accordingly, Hiller was entitled to indemnification by Redwing, including for its attorney's fees.
We, therefore, conclude that the trial court erred in entering summary judgment in favor of Redwing. We reverse the judgment and remand with instructions that the trial judge award reasonable attorney's fees, following a hearing, to Hiller.
Reversed and remanded.
GREEN and STRINGER, JJ., concur.