TAYLOR, J.
Appellant, Diplomat Properties, L.P. (“Diplomat”), appeals an order which dismissed all of its claims against the defendants, Tecnoglass USA, Inc., and Tecno- *359 glass Colombia S.A., Inc. (collectively “Tecnoglass”). In this appeal, Diplomat challenges only the dismissal of its common law indemnity claim. We reverse.
Diplomat is the owner of the Westin Diplomat Resort and Spa (the “hotel”) in Hollywood, Florida. During the construction of the hotel, Diplomat contracted with Shower Concepts, Inc. (“Shower Concepts”) to furnish and install glass shower doors in the guest rooms. Shower Concepts, in turn, entered into a contract with Tecnoglass, who fabricated the glass doors. After the hotel opened for business in 2002, at least thirty-nine of the installed glass doors spontaneously fractured into small pieces. According to Diplomat’s complaint, nickel sulfide inclusions in the glass doors caused them to break spontaneously.
In 2006, Diplomat brought an arbitration proceeding against Shower Concepts to recover damages for breach of contract. Specifically, Diplomat sought to recover the costs associated with replacing all the defective glass shower doors in the hotel. Shower Concepts failed to defend and did not appear at the arbitration hearing. In 2007, the arbitrator rendered an award in favor of Diplomat and against Shower Concepts. In 2008, the circuit court confirmed the arbitrator’s award and entered a final judgment awarding Diplomat over $2.5 million against Shower Concepts. In exchange for Diplomat’s agreement not to execute on the judgment, Shower Concepts assigned to Diplomat any claims it had against third parties arising from the defects in the glass doors.
In 2011, Diplomat, standing in the shoes of Shower Concepts, filed a multi-count complaint against Tecnoglass, Tecnoglass LLC,[1] and another defendant. Relevant to this appeal, Count VI of the complaint asserted a claim against Tecnoglass for common law indemnification.
Tecnoglass moved to dismiss all of Diplomat’s claims. The motion to dismiss sought dismissal of the common law indemnity claim on two grounds: 1) Diplomat did not allege facts supporting the existence of a special relationship between Shower Concepts and Tecnoglass; and 2) the arbitrator’s award held Shower Concepts liable for breach of contract and included “no finding that such liability is vicarious, constructive, or derivative to the Defendants.”
Following a hearing on the motion to dismiss, the trial court dismissed all of Diplomat’s claims against Tecnoglass with prejudice. This appeal ensued.
We apply a de novo standard of review to a final order of dismissal for failure to state a cause of action. Kreizinger v. Schlesinger, 925 So.2d 481, 432 (Fla. 4th DCA 2006). A court may not go beyond the four corners of the complaint and must accept the facts alleged therein as true. Id. at 432-38.
The seminal Florida case on common law indemnity is Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979). The issue presented in Houdaille was whether a manufacturer of a defective product that contributes to an on-the-job injury of a worker may seek common law indemnity from the employer of the injured worker. In addressing this issue, the Florida Supreme Court set forth the general principles of common law indemnity.
Common law indemnity is a claim that “shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or *360 technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable.” Id. at 493. “Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors.” Id.
The Florida Supreme Court noted that although the courts “have consistently premised the allowance of indemnity upon a special relationship between the primary defendant and the third-party defendant,” confusion had arisen over the use of the labels that courts employed to designate the types of conduct that would permit the party seeking common law indemnity to recover. Id. The Houdaille court stated that “[rjegardless of what specific terms are employed whether the courts say active-passive or primary-secondary what they are really speaking of is fault or no fault.” Id.
The Florida Supreme Court explained that in determining whether a party is entitled to indemnity, the courts will not weigh the relative fault of the parties. Id. Rather, the courts must look to the party seeking indemnity to determine whether he is without fault. Id. If both parties are at fault, no matter how slight the fault of the party seeking indemnity, recovery for common law indemnity is precluded. Id. at 494.
Applying these principles, the Florida Supreme Court held that “absent a special relationship between the manufacturer and the employer which would make the manufacturer only vicariously, constructively, derivatively, or technically liable for the wrongful acts of the employer, there is no right of indemnification on the part of the manufacturer against the employer.” Id. at 492. The court noted that the manufacturer’s claim that the worker’s death resulted solely from the negligence of the employer would have stated a complete defense to the original action, and did not establish that the manufacturer was vicariously, constructively, derivatively, or technically liable for the employer’s negligence. Id. at 494. However, the court noted that a “different situation may exist where the manufacturer’s liability arises because of a defective component supplied by another and incorporated into the product which is subsequently sold to one injured by the defect.” Id. at 493 n. 3. “In that case, a manufacturer who is held liable for a breach of an implied warranty of fitness could be without fault insofar as its relationship with the supplier of the component part is concerned and may be permitted to seek indemnification from the supplier.” Id.
Following the Houdaille decision, “[fjor a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test.” Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla.1999). “First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault.” Id. (citation omitted). “Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist.” Id.
Undoubtedly, the most common factual scenario for an indemnity claim is where the party seeking indemnity was exposed to tort liability through no fault of its own. However, contrary to Tecno-glass’s argument, a party’s liability for breach of contract can form the basis for an indemnification claim against a third party. See Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F.Supp.2d 1371, 1379 *361 (M.D.Fla.2009) (holding that a City, which was sued by an electrical contractor for breach of contract following a dispute regarding additional costs necessary to complete electrical work, could maintain a common law indemnity claim against a design professional “to the extent the City is found to be without fault for the conduct which forms the basis of the indemnity claim”); Hiller Group, Inc. v. Redwing Carriers, Inc., 779 So.2d 602, 608-04 (Fla. 2d DCA 2001) (holding that a fuel broker, which was sued by a marina for breach of warranty and breach of contract arising out of contaminated fuel, was entitled to indemnification from the company that improperly pumped the wrong fuel into the marina’s storage tanks; the fuel broker was exposed to liability through no act of its own, but due solely to the wrongful acts of the company that delivered the fuel).
Here, the fact that Shower Concepts was found liable for breach of contract does not preclude it (or its assignee) from bringing a common law indemnity claim against Tecnoglass. The federal court’s analysis in Auto-Owners is instructive:
In this case, the City’s potential contract liability to Ace [the electrical contractor] does not mean that its liability is “direct” such that an indemnification claim is impermissible. To the extent Dickens [the design professional ] is arguing that contract liability to one party can never form the basis of an indemnification claim against a third party, the argument is unpersuasive. Of the terms “vicarious,” “constructive,” “derivative” and “technical” liability, only “vicarious liability” is a recognized term of art, and it is typically used to describe liability imposed by agency law. The Florida Supreme Court’s analysis in Houdaille strongly suggests that the other three terms, “constructive,” “derivative,” and “technical,” are meant merely to capture the concept that the party seeking indemnity must be without fault ....
As these passages demonstrate, the common theme throughout the opinion is the need for the party seeking indemnity to be faultless, and the Florida Supreme Court has given no indication that a party’s liability for breach of contract precludes a finding of faultlessness. In fact, the common usage of indemnification against manufacturers in products liability cases where a customer sues a retailer for breach of implied warranty, a type of contract claim, suggests that a party may be indemnified for liability arising from a breach of contract.
648 F.Supp.2d at 1179 (emphasis added). The federal court went on to give several scenarios in which the electrical contractor could successfully sue the City for some of the alleged breaches of contract, yet the City would nevertheless be faultless. Id. at 1180.
In this case, Diplomat, which stepped into the shoes of Shower Concepts, alleged that 1) Shower Concepts was wholly without fault for the defective shower doors, 2) Tecnoglass was at fault for the defective shower doors, and 3) Shower Concepts was held vicariously, constructively, derivatively or technically liable for the wrongful acts of Tecnoglass. These allegations were sufficient to state a cause of action for common law indemnity. See Fla. Farm Bureau Gen. Ins. Co., v. Ins. Co. of N. Am., 763 So.2d 429, 435 (Fla. 5th DCA 2000) (“In order to properly plead a cause of action for common law indemnity, the party seeking indemnity must allege in his complaint 1) that he is wholly without fault; 2) that the party from whom he is seeking indemnity is at fault; and 3) that he is liable to the injured *362 party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity.”).
Diplomat did not need to specifically plead the existence of a “special relationship” between Shower Concepts and Tecnoglass in order to properly state a cause of action for common law indemnity. The term “special relationship” merely describes a relationship which makes a faultless party “only vicariously, constructively, derivatively, or technically liable for the wrongful acts” of the party at fault. Houdaille, 374 So.2d at 492. Here, Diplomat alleged that Shower Concepts was “vicariously, constructively, derivatively or technically liable” solely because Tecno-glass supplied Shower Concepts with defective glass shower doors. This is a sufficient allegation of vicarious, constructive, derivative or technical liability. See id. at 493 n. 3 (explaining that a manufacturer who is held liable for a breach of an implied warranty of fitness “could be without fault insofar as its relationship with the supplier of the component part is concerned and may be permitted to seek indemnification from the supplier”); see also K-Mart Corp. v. Chairs, Inc., 506 So.2d 7, 9 (Fla. 5th DCA 1987) (“The mere selling of a defective product by a retailer does not constitute ‘fault’ under Houdaille. Rather, the retailer is ‘vicariously, constructively, derivatively or technically liable’ in that instance.”) (footnotes omitted).
The Fifth District’s decision in Paul N. Howard Co. v. Affholder, Inc., 701 So.2d 402 (Fla. 5th DCA 1997), does not change the result. There, the Fifth District held that a general contractor could not state a claim for common law indemnity against an independent subcontractor, because the general contractor “cannot be held vicariously, constructively, derivatively, or technically liable for” the independent contractor’s alleged negligence. Crucial to the Fifth District’s analysis, however, was that if the claimant’s injury was caused by the negligence of the independent contractor, there would be no liability on the part of the general contractor. Id. at 403. Thus, in Affholder, any claim that the underlying injury resulted solely from the negligence of the independent contractor would have been a complete defense for the general contractor. By contrast, in this case, the complaint alleged that Shower Concepts was in fact held liable, due to its contract with Diplomat, for the negligence of Tec-noglass in fabricating the defective glass doors.
Tecnoglass also argues that the common law indemnity claim is barred because Shower Concepts failed to raise as a defense in the arbitration proceeding that its liability was vicarious, constructive, derivative or technical. This argument is simply a non-sequitur. A claim for common law indemnity is a basis for recovery against a third party, not a defense to a breach of contract action. In other words, a claim that the failure of the glass shower doors resulted solely from the negligence of Tecnoglass would not have stated a defense to Diplomat’s claim against Shower Concepts for breach of contract. Accordingly, Shower Concepts did not need to claim in the original arbitration proceeding that its liability was vicarious, constructive, derivative or technical in order to preserve its indemnity claim against Tecnoglass.
Moreover, Shower Concepts did not need to bring a third party claim against Tecnoglass in the original arbitration proceeding, as Tecnoglass now suggests. The Florida Rules of Civil Procedure do not provide for compulsory third party claims. The language of Florida Rule of Civil Procedure 1.180, which governs third party practice, is not mandato *363 ry. See Fla. R. Civ. P. 1.180 (Author’s Comment — 1967) (“The language of the rule is not mandatory, and a party may refrain from impleading a third party defendant and assert his claim in an independent action if he so prefers”). Therefore, Diplomat, standing in the shoes of Shower Concepts, was free to assert the third party common law indemnity claim against Tecnoglass in an independent action after the conclusion of the original arbitration proceeding.
Finally, Tecnoglass argues that Shower Concepts was “liable for failing to properly install” the glass doors under its contract with Diplomat, thereby precluding the indemnity claim. To be sure, a former adjudication against an indemni-tee, finding the indemnitee’s acts to be wrongful, is binding against the indemni-tee and precludes indemnification. Aerovias, SA. v. Air Haiti, S.A., 680 So.2d 1077, 1078 n. 1 (Fla. 3d DCA 1996). In this case, however, there is no finding in the four corners of the arbitrator’s award that Shower Glass improperly installed the glass doors or was otherwise “at fault” for the failure of the glass doors. Moreover, the complaint in the instant case specifically alleged that Shower Glass was only vicariously, constructively, derivatively or technically liable, which is sufficient to withstand a motion to dismiss.[2] Accordingly, there is no former adjudication against Shower Concepts finding its acts to be wrongful, and Diplomat — standing in the shoes of Shower Concepts— may maintain its indemnity claim. See id. at 1078 & n. 1 (although the plaintiffs complaint against the indemnitee included allegations of negligence and the plaintiff prevailed on summary judgment against the indemnitee, the indemnitee in its third-party complaint asserted that its liability arose only vicariously from the third-party defendant’s negligence and the plaintiffs judgment against the indemni-tee did not constitute a former adjudication finding the indemnitee’s acts to be wrongful).
In sum, because Diplomat stated a cause of action for common law indemnity, the trial court erred in dismissing this claim. We reverse the dismissal of the common law indemnity claim and remand for further proceedings.
Reversed and Remanded.
MAY, C.J., and GERBER, J., concur.

. Diplomat later voluntarily dismissed its claims against Tecnoglass LLC.

. Of course, if Tecnoglass can prove that Shower Concepts was even slightly at fault for the failure of the glass doors, then the indemnity claim will fail. However, the issue of whether Shower Concepts was in any way at fault in causing the failure of the glass doors is one that cannot be decided at the motion to dismiss stage. The only issue before the court at this stage is whether the allegations of the complaint were sufficient to state a claim for common law indemnity.